Nellie Brady,. Appellant, v. Helen McCabe, Respondent.— In a summary proceeding to remove respondent tenant upon the ground that the tenant had unreasonably refused appellant landlord access to certain premises for the purpose of showing them to prospective purchasers and to permit appellant to place "for sale" signs thereon, order of the Appellate Term affirming a

final order of the Municipal Court, Borough of Queens, which dismissed the appellant's petition on the merits, affirmed, with costs. No opinion. Nolan, P. J., Carswell, Adel and Sneed, JJ., concur; Wenzel, J., dissents and votes to reverse the order of the Appellate Term and the order of the Municipal Court, and to grant the appellant's petition, with the following memorandum: The Office of Price Administration regulation and the emergency rent laws, which took from the owner of real estate so many of the rights inherent in title, granted to him some relief from the action of an arbitrary and unreasonable tenant. I concur that under the common law the landlord had no right of entry into leased premises unless by specific agreement. It is, however, in my opinion, given to him by paragraph (2) of subdivision (a) of section 6 of the O. P. A. regulation (11 Federal Register 11668). Before the occurrence of the emergency in housing and the passage of regulatory legislation consequent thereon, there was no need for a landlord and a monthly tenant to enter into the many formal provisions of a written lease, for if they could not agree the landlord could terminate the relationship by summary proceedings. This right having been taken from him, I conceive that the owner was given some rights which would not, beyond the necessities created by the emergency, put him at the mercy of his tenant. I feel that the wording of the last few lines of paragraph (2) must be held to refer to express provisions of a lease or rental agreement and not to any implication arising under the common law. A contrary construction would inflict an unnecessary and unintended hardship. In the case now under consideration there is nothing in " the tenant's lease or other rental agreement " contrary thereto. Certainly, an owner may sell his house and certainly no one will purchase it without a reasonable opportunity of inspection.